IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD C. HUGHES,

                    Plaintiff,                    No. CIV S-11-1856 EFB P

     vs.

CDCR,

                    Defendant.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.**       **Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 5.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.     Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not state a cognizable claim.  Thus, to proceed plaintiff must file an amended complaint.

1    Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR")

2  as a defendant.  Plaintiff claims to have had a prescription for Wellbutrin to treat his depression

3  that was discontinued after a CDCR memo indicated that some inmates should not be prescribed

4  Wellbutrin because of hoarding and misuse.  Plaintiff seeks injunctive relief to allow his treating

5  psychiatrist to prescribe him Wellbutrin.  He alleges he was prescribed alternative medications,

6  all of which gave him unspecified side effects, and did not help treat his depression.

7    In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a

8  federal constitutional or statutory right; and (2) that the violation was committed by a person

9  acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v.*

10  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  State agencies, such as the California Department

11  of Corrections and Rehabilitation, are not "persons" within the meaning of section 1983.  *Will v.*

12  *Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Allison v. California Adult*

13  *Authority*, 419 F.2d 822, 823 (9th Cir. 1969).  Because plaintiff has not alleged that a "person"

14  violated his federal rights, he has failed to state a cognizable claim.

15    Moreover, an individual defendant is not liable on a civil rights claim unless the facts

16  establish the defendant's personal involvement in the constitutional deprivation or a causal

17  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

18  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

19  (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

20  for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

21  1948 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff

22  must plead that each Government-official defendant, through the official's own individual

23  actions, has violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a

24  plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969

25  (9th Cir. 2009).

26  ////

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  Plaintiff has not sufficiently alleged that a proper defendant acted with the requisite deliberate indifference for an Eighth Amendment claim or that the acts or omissions of that defendant caused him any injury.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

////

////

1    Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an

2    amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

3    complaints).

4    Accordingly, the court hereby orders that:

5    1.  Plaintiff's request to proceed in forma pauperis is granted.

6    2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

7    accordance with the notice to the Director of the California Department of Corrections and

8    Rehabilitation filed concurrently herewith.

9    3.  The complaint is dismissed with leave to amend within 30 days.  The amended

10   complaint must bear the docket number assigned to this case and be titled "First Amended

11   Complaint."  Failure to comply with this order will result in this action being dismissed for

12   failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the

13   court will proceed with service of process by the United States Marshal.

14   Dated:  January 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE