IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD C. HUGHES,

            Plaintiff,                      No. 2:11-cv-1856 EFB P

      vs.

CDCR, et al.,

            Defendants.           ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.  The case was referred by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).  After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Liberally construed, and for the purposes of § 1915A screening, the amended complaint states a cognizable Eighth Amendment deliberate indifference to medical needs claim against defendant Jonsen.  *See* Am. Compl. (Dckt. No. 9) (alleging that after plaintiff "made a near fatal suicide," defendant Jonsen continued to prescribe plaintiff a drug called Strattera, which has a "well known history of patients attempting suicide").

The complaint does not, however, state a cognizable claim against the other named defendants.  Plaintiff claims that defendants Zhou and Coppola would not grant plaintiff's request for a prescription for Wellbutrin, but did approve of approximately ten alternative medications to treat plaintiff's depression.  Plaintiff also claims that he filed an administrative

2

appeal regarding his request for Wellbutrin, and that defendant Zamora "failed to ascertain the problem . . . blaming [plaintiff] for seeking [his] own treatment." Dckt. No. 9 at 7-8. In dismissing the original complaint with leave to amend, the court informed plaintiff of the following:

> To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*). Plaintiff has not sufficiently alleged that a proper defendant acted with the requisite deliberate indifference for an Eighth Amendment claim or that the acts or omissions of that defendant caused him any injury.

Dckt. No. 6 at 4. Additionally, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff's amended complaint fails to include sufficient factual allegations demonstrating that defendants Zhou, Coppola, or Zamora acted with the requisite deliberate indifference for an Eighth Amendment claim, or that they otherwise caused plaintiff to suffer a deprivation of his federally protected rights. Moreover, to the extent plaintiff intends to impose liability against defendant Zamora based on his or her handling of plaintiff's administrative appeal, plaintiff is hereby informed that there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role

in processing plaintiff's inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . .  Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Accordingly, the court hereby orders that:

1.  The allegations in the pleading are sufficient at least to state a cognizable Eighth Amendment claim against defendant Jonsen, and claims against defendants Zhou, Coppola and Zamora are dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A.

2.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed February 8, 2012, one USM-285 form and instructions for service of process on defendant Jonsen.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendant Jonsen will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

3.  Failure to comply with this order will result in dismissal of this action.

Dated:  August 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BERNARD C. HUGHES,

11              Plaintiff,                          No. 2:11-cv-1856 EFB P

12      vs.

13   CDCR, et al.,

14              Defendants.                 <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

15   _____/

16          In accordance with the court's Screening Order, plaintiff hereby submits the following

17   documents:

18                  ___1___           completed summons form

19                  ___1___           completed forms USM-285

20                  ___2___           copies of the February 8, 2012 amended complaint

21
     Dated:
22

23                                         _____

24                                                    Plaintiff

25

26