UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HUGHES,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN H. JANSEN, M.D.[1]<br><br>    Defendant. | No. 2:11-cv-1856-EFB P<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u>[2] |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant Jansen moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim, and in the alternative, for a more definite statement pursuant to Rule 12(e). ECF Nos. 21, 22. In response, plaintiff has since filed what he captions as a "more definite statement/or in the alternative, opposition to motion to dismiss." ECF No. 29. For the reasons explained below, the motion should be denied.

/////

---

[1] The Clerk of the Court shall update the case caption to reflect that Jansen is the sole defendant in this action.

[2] Plaintiff filed a written consent to proceed before a magistrate judge. ECF No. 4. Notwithstanding the court's order directing the defendant to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge, defendant filed nothing in response. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

**I.     Background**

Plaintiff claimed in his original complaint that he had been prescribed Wellbutrin to treat his depression. ECF No. 1. He claimed that after the California Department of Corrections and Rehabilitation (CDCR) circulated a memo regarding inmate hoarding and misuse of Wellbutrin, his prescription was discontinued. He claimed he had been prescribed alternative medications, but that they did not help with his depression. He requested injunctive relief in the form of an order directing that his treating psychiatrist be allowed to prescribe him Wellbutrin. The court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend for failure to state a claim upon which relief could be granted. *See* ECF No. 6 (setting forth standards governing claims based on deliberate indifference to medical needs in violation of the Eighth Amendment, pursuant to 42 U.S.C. § 1983).

On February 8, 2012, plaintiff filed an amended complaint. ECF No. 9. The amended complaint named several defendants, including defendant Dr. Jansen, a psychiatrist at Deuel Vocational Institute. Plaintiff alleged that in 2006, he began taking Wellbutrin for his depression. He claimed that at some point prior to 2008, he was "taken off Wellbutrin . . . and placed on a medication called Straterra," against his will. *Id.* at 5-6. In 2008, plaintiff apparently began taking Wellbutrin again, which "worked extremly [sic] well for . . . 2 years." *Id.* at 6. Plaintiff alleged that he "was placed back on Strattera by defendants and made a near fatal suicide [attempt] in May 2010," which he attributes to the Straterra. *Id.* The allegation that specifically names defendant Jansen is the following:

> On 6-1-10, I was admitted to continual suicide watch. Defendant, Dr. Jansen, took me off Wellbutrin – and drug for treatment of deppression [sic] and continued "Straterra" a *non*-deppression drug [sic] – with suicidal history. This was done against my will.

*Id* (emphasis in original). Plaintiff claimed that he requested an alternative drug because the Straterra exacerbated his suicidal feelings. *Id.* at 6-7. He apparently received approximately "10 different medications" from defendants Zhou or Coppola, which were "approved of as an alternative to Wellbutrin." *Id.* at 7. These medications, however, allegedly caused side effects, and plaintiff refused further treatment. *Id.*

2

Significantly for purposes of this motion, although the original complaint expressly sought injunctive relief in the form of an order directing that plaintiff be prescribed Wellbutrin, the amended complaint only vaguely seeks whatever relief the "court deem[s] necessary." *Id.* at 5.

In reviewing the amended complaint for § 1915A screening, the court determined that plaintiff could proceed in this action on an Eighth Amendment deliberate indifference to medical needs claim against defendant Jansen only. ECF No. 10 at 2 (referencing plaintiff's allegations that after making "a near fatal suicide," Jansen continued to prescribe plaintiff Strattera). The court dismissed the other named defendants, in part because the allegation that they allegedly failed "to grant plaintiff's request for . . . Wellbutrin, but did approve of approximately ten alternative medications to treat plaintiff's depression," did not state sufficient facts that those defendants "acted with the requisite deliberate indifference for an Eighth Amendment claim, or that they otherwise caused plaintiff to suffer a deprivation of his federally protected rights." *Id.* at 2-3.

**II.     Discussion**

Notwithstanding the rather obvious dispute as to whether the medication Wellbutrin should be withheld from plaintiff, Jansen moves to dismiss plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, arguing that there is no actual controversy between plaintiff and defendant, as required by Article III of the United States Constitution.

Jansen begins with the unremarkable assertion that the jurisdiction of federal courts is defined and limited by Article III of the Constitution. Indeed, there is little question that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994) (internal citations omitted). Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking.[3] "When subject matter jurisdiction is

---

[3] A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). Jansen's motion challenges the sufficiency of the allegations in the complaint to establish Article III jurisdiction.

3

1 challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving

2 jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d

3 495, 499 (9th Cir. 2001).

4     Principles of ripeness, mootness, standing, and the court's Article III jurisdiction overlap.

5 Whether jurisdiction is contested because a controversy is no longer live, or has not yet matured

6 into an actual controversy, or because the plaintiff is not affected by or otherwise lacks any real

7 stake in the outcome of the controversy, jurisdiction of federal courts under Article III requires

8 that there be an actual, not theoretical, case or controversy. *Arizonans for Official English v.*

9 *Arizona*, 520 U.S. 43, 65 (1997); *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1286-

10 87 (9th Cir 2013); *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n.11 (9th Cir. 1980)

11 ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to

12 determine if we have jurisdiction."). Here, defendant's challenge to jurisdiction focuses on

13 whether plaintiff has identified a concrete injury which could be redressed if he were to prevail in

14 this action. Constitutional standing sufficient to invoke the court's jurisdiction under Article III

15 requires that there be: (1) an injury in fact; (2) a causal connection between the injury and the

16 conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable

17 decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Wash. Legal Found. v.*

18 *Legal Found. of Wash.*, 271 F.3d 835, 847 (9th Cir. 2001) (en banc).

19     Jansen argues that the relief plaintiff seeks in this action is to be prescribed Wellbutrin.

20 Jansen reasons that there is no actual controversy between himself and plaintiff, as required by

21 Article III, because plaintiff does not allege that it is Jansen who is now depriving him of

22 Wellbutrin. *See* ECF No. 22 at 11 ("the only specific relief sought by Mr. Hughes is to be

23 prescribed Wellbutrin now," but "[t]here are no allegations that Dr. Jansen could deny or is

24 denying Mr. Hughes' request to be prescribed Wellbutrin"). The argument lacks merit.

25     The First Amended Complaint states that "Defendant, Dr. Jansen, took me off Wellbutrin

26 – and drug for treatment of deppresion (sic). And continued 'Straterra' a *non* depprssion (sic)

27 drug with suicidal history. This was done against my will." ECF No. 9 at 6. Had there been any

28 doubt as to that allegation as to Jansen, it is also addressed in plaintiff's "more definite statement"

1  in which he states that "Dr. Jansen refused to continue my medication, and I refused to sign a
2  consent form to be treated with straterra at the time." ECF No. 29 at 2. Thus, plaintiff has
3  specifically alleged that it was Jansen who discontinued plaintiff's treatment with Wellbutrin on
4  June 1, 2010. He has also alleged that Jansen continues to withhold that medication.

5  Plaintiff also alleges an injury in fact and a causal connection. The complaint expressly
6  states that plaintiff "suffered" as a result. ECF No. 29 at 2; *see also* ECF No. 9 at 7, 9 ("I suffered
7  multiple periods of side effects – including extreme headaches and abdominal pain, difficulty
8  concentrating, etc." from the various "psychotropic drugs" prescribed by defendants Zhou and
9  Coppola, and that he "continue[s] to suffer daily").

10  Jansen argues that these allegations are not sufficient to establish the court's jurisdiction
11  under Article III, but he is simply mistaken. Plaintiff has clearly identified the actual controversy
12  in issue between he and Jansen (a claim that withholding medical treatment with Wellbutrin
13  deliberately puts plaintiff at unreasonable risk of serious harm and thus violates his Eighth
14  Amendment rights), he has alleged (1) an injury in fact; (2) a causal connection between the
15  injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a
16  favorable decision. He very plainly meets the requirements for Article III standing to proceed
17  with this claim. *Lujan*, 504 U.S. at 560-61.

18  Jansen also argues that there is no justiciable controversy before the court because
19  plaintiff has not requested relief for defendant's alleged violation of plaintiff's rights; i.e.,
20  prescribing Straterra instead of Wellbutrin. ECF No. 22 at 11-12. According to Jansen,
21  plaintiff's vague request for the court to grant whatever relief it deems "necessary," fails to satisfy
22  Rule 8's requirement that a complaint state "a demand for the relief sought." *Id.* at 12 (citing Fed.
23  R. Civ. P. 8(a)(3)). While the argument would carry some weight if plaintiff had not already
24  made clear the relief he was seeking, it fails in light of the pleadings here. Plaintiff stated
25  precisely what was required in his initial complaint under the heading "Relief " with the form
26  instruction of "State briefly exactly what you want the court to do for you." ECF No. 1 at 5.
27  /////
28  /////

Plaintiff appropriately wrote: "To allow my treating psychiatrist the ability to prescribe me Wellbutrin to treat my depression." Although he was not so clear with his amended complaint, his opposition and "more definite statement" explains, as to the relief sought:

> Perhaps my line of thinking was not right. I ammended (sic) my complaint per courts instruction, and I did not wish to ask for anything improper, and feel that I did not raise any new claims.

ECF No. 29 at 3. Plaintiff appears to misunderstand defendant's argument to be that plaintiff improperly expanded the claims or relief sought beyond that permitted by the screening order. In fact, the problem—albeit rather technical in this instance—is the opposite. He failed to repeat in his amended complaint what had been identified in the initial complaint as the specific relief sought.[4] Nonetheless, it is clear from both complaints and the "more definite statement" that plaintiff seeks an order that would restore his treatment with the medication Wellbutrin. It is equally clear that plaintiff contends that it is Jansen who is preventing the treatment with Wellbutrin. In light of plaintiff's pro se status, his efforts to date to comply with the screening order, and his mental disability, his pleadings are entitled to some measure of lenity. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Fairly read, plaintiff's pleadings place Jansen on reasonable notice as to the specific conduct by Jansen that plaintiff claims violates the Eighth Amendment, the harm plaintiff claims it is causing him, and the remedy that plaintiff is asking the court to grant him. He plainly asserts that he is "suffering" because he cannot take Wellbutrin due to acts or decisions by Jansen and that this amounts to cruel and unusual punishment in violation of the Eighth Amendment. Whether there is any merit to plaintiff's contentions remains to be seen. But liberally construed, the amended complaint links the alleged "suffering" to defendant's alleged discontinuation of Wellbutrin and substitute prescription for Straterra. Together with the original claim and the "more definite statement" there is no serious doubt that plaintiff seeks an order that Jansen restore the treatment with Wellbutrin. There is adequate information upon which defendant can prepare an answer and proceed with a defense.

---

[4] The court's screening order of August 9, 2012, found that the complaint stated a cognizable claim as to defendant Jansen. ECF No. 10 at 2. The order neither directed nor authorized further amendment as to that claim.

For these reasons, the defendant's Rule 12(b)(1) motion to dismiss must be denied. For these same reasons, defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim must be denied.[5]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that defendant Jansen's Rule 12(b)(1) and (b)(6) motions to dismiss (ECF No. 21) be denied and that Jansen be directed to file an answer within 21 days for any order adopting this recommendation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 18, 2014.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Jansen also argues that plaintiff fails to state a claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*. ECF No. 22 at 13-14 (citing the civil cover sheet). The court does not address the argument because neither the complaint, the court's screening order, or plaintiff's "more definite statement" mention or even suggest a claim under that statute.