UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HUGHES, | No. 2:11-cv-01856-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| MARTIN H. JANSEN, M.D., | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 18, 2014, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendant has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court declines to adopt the findings and recommendations and instead GRANTS the motion to dismiss.

/////

## I.  BACKGROUND

On July 14, 2011, Bernard Hughes ("plaintiff"), then a prisoner at Deuel Vocational Institute ("DVI"), filed a civil rights complaint against the California Department of Corrections and Rehabilitation ("CDCR") and alleged the following:  Plaintiff suffers from "documented major depression and other mental disorders" he was successfully treating with Wellbutrin.  ECF No. 1 at 5.  In 2010, CDCR issued a memorandum informing DVI's medical staff that inmates were "hoarding and misusing" Wellbutrin and directing the staff to order and prescribe alternative medications.  *Id.* at 5–6.  Plaintiff "tr[ied] multiple replacements, all [of] which g[a]ve [him] side effects and d[id] not help treat [his] depression."  *Id.* at 6.  Plaintiff requested relief in the form of an order allowing his "treating psychiatrist . . . to prescribe [him] Wellbutrin . . . ."  *Id.* at 7.  The court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend for failure to state a claim upon which relief could be granted because plaintiff's claim was against a state agency immune from liability under § 1983.  *See* ECF No. 6 at 2–3.

On February 8, 2012, plaintiff filed a first amended complaint ("FAC") naming Dr. Jansen (identified here as "defendant"), as well as Dr. Coppola, Dr. Zhou and others as defendants, and alleging the following:  In 2008, CDCR prescribed plaintiff Wellbutrin for his depression, which "worked extremely well" until May 2010, when plaintiff was prescribed Strattera, an ADHD medication, and attemped suicide.  ECF No. 9 at 6.  Suicide is a "very well-known [sic] and documented" side effect of Strattera, and plaintiff had  "no prior history of suicidal behavior . . . ."  *Id.*  Plaintiff was admitted to suicide watch on June 1, 2010, and continued taking Strattera after defendant refused to prescribe him Wellbutrin.  *Id.*  Plaintiff told Dr. Zhou, his primary physiatrist operating under Dr. Coppola following his suicide attempt, "[his] depression and feelings of suicide . . . [were] being exacerbated by Strattera."  *Id.* at 7.  Plaintiff "requested Wellbutrin on numerous occasions" but Drs. Zhou and Coppola instead administered "approximately ten [sic] different medications" they "approved as alternatives [sic] to Wellbutrin."  *Id.*  Plaintiff suffered side effects from these medications and was unable to "attend yard, conduct research on [his] criminal case, and perform other various activities . . . ."

2

*Id.* at 7–8. In 2012, plaintiff "refused further treatment" and had Dr. Hanlin, his treating psychiatrist at that time, request he be treated with Wellbutrin; Dr. Coppola denied the request. *Id.* at 7–9. Plaintiff requested "any [relief] [the] court deem[ed] necessary." *Id.* at 5. In reviewing the amended complaint for screening under § 1915A, the court determined plaintiff could proceed in this action against defendant only. ECF No. 10 at 2. The court dismissed the other named defendants in part because plaintiff's allegations they approved and prescribed approximately ten alternative medications showed they had not "acted with the requisite deliberate indifference for an Eighth Amendment claim . . . ." *Id.* at 2–3.

On October 31, 2012, plaintiff was transferred from DVI, where defendant was and currently is employed, to Kern Valley State Prison. ECF Nos. 14 & 17 at 2. On August 9, 2013, defendant filed a motion to dismiss plaintiff's action or, alternatively, for a more definite statement in light of the broad prayer for relief in plaintiff's First Amended Complaint. ECF No. 21. On November 7, 2013, plaintiff filed a document he styled a "more definite statement," or, in the alternative, an opposition to defendant's motion to dismiss, and alleged the following: Defendant was "aware of the positive effects of Wellbutrin" plaintiff had experienced when defendant admitted plaintiff to suicide watch and refused to prescribe him Wellbutrin on June 1, 2010. ECF No. 29 at 1–2. Because defendant instead prescribed plaintiff Stratterra on that date, plaintiff "did not receive proper treatment for [his depression] [sic] until after filing [his] initial complaint" and "suffered cruel and unusual punishment" in the interim. *Id.* at 2. Plaintiff averred he did not intend to "ask for anything improper" or "raise any new claims" in his First Amended Complaint's prayer for relief, *id.* at 3, and therefore plaintiff's original prayer for relief serves as his prayer for relief for this action. *See Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989) (noting responsive pleadings "may be necessary for a pro se plaintiff to clarify his legal theories").

On January 16, 2014, defendant filed a reply memorandum in support of his motion to dismiss. ECF No. 33. Defendant argued plaintiff's claim should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because "the [c]ourt lack[ed] subject-matter jurisdiction" due to plaintiff's failure to demonstrate an actual controversy between the parties. ECF No. 21 at 2. Defendant also argued plaintiff's claim should be dismissed under Rule

12(b)(6) because plaintiff failed to sufficiently plead a claim for cruel and unusual punishment under the Eighth Amendment. ECF No. 23 at 1–4.

On February 18, 2014, the magistrate judge filed an order and findings and recommendations ("findings") denying defendant's motion to dismiss. ECF No. 35. The findings denied defendant's Rule 12(b)(1) motion because plaintiff alleged an injury in fact, a connection between his injury and defendant's conduct, and a likelihood his injury would be redressed by a favorable decision, thereby establishing a controversy between himself and defendant. *Id.* at 5. The findings also denied defendant's Rule 12(b)(6) motion because "plaintiff's pleadings place[d] [defendant] on reasonable notice as to the specific conduct . . . plaintiff claim[ed] violate[d] the Eighth Amendment, the harm plaintiff claim[ed] it [caused] him, and the remedy plaintiff [was asking] the court to grant him." *Id.* at 6. Accordingly, plaintiff's pleadings provided "adequate information upon which defendant [could] prepare an answer and proceed with a defense." *Id.*

On February 3, 2014, defendant filed an objection to the findings. ECF No. 36. In addition to reiterating his original arguments against plaintiff's claims, defendant notes he is not plaintiff's current treating psychiatrist and has had no involvement with plaintiff since admitting him to suicide watch and prescribing him Strattera on June 1, 2010. *Id.* at 5.

II.     APPLICABLE LEGAL STANDARDS

Although the court must construe pro se plaintiffs' pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), this rule "applies only to . . . factual allegations." *Neitzke*, 490 U.S. at 330 n.9. "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Armstrong v. Martinez*, 1:12 CV 00631 LJO, 2014 WL 2696625 (E.D. Cal. June 13, 2014) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). Additionally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *Portnoy v. City of Davis*, 663 F. Supp. 2d 949, 953 (E.D. Cal. 2009) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

It is hornbook law that "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S. Ct.

1059, 1064 (2013) (internal quotation and citation omitted); *accord*, K*2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011); *Padres Gacia Una Vida Mejor v. Jackson*, 922 F. Supp. 2d 1057, 1061 (E.D. Cal. 2013). Rule 12(b)(1) allows a party to seek dismissal of an action where a plaintiff's pleadings are insufficient to invoke federal subject-matter jurisdiction. *See Friends of the River v. U.S. Army Corps of Eng'rs*, 870 F. Supp. 2d 966, 972 (E.D. Cal. 2012) ("*Friends*"). A challenge to subject-matter jurisdiction on the pleadings limits the court's inquiry to the allegations in the complaint, *see Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 n.2 (9th Cir. 2003); *Friends*, 870 F. Supp. 2d at 972, and "the court must assume that the factual allegations asserted in the complaint are true and construe those allegations in the light most favorable to the plaintiff." *Friends*, 870 F. Supp. 2d at 972; *accord Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

When challenged, as here, "the plaintiff has the burden of establishing subject-matter jurisdiction" under Article III of the Constitution. *Friends*, 870 F. Supp. 2d at 972; *accord Rattlesnake Coal v. U.S. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007). To establish subject-matter jurisdiction, the plaintiff's pleadings must show there is an actual, not theoretical, case or controversy. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 65 (1997) (noting this test for standing determines whether a federal court has subject-matter jurisdiction). To show there is an actual controversy, the plaintiff's pleadings must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *See Clapper v. Amnesty Int'l USA*, ___ U.S. ___, 133 S. Ct. 1138, 1147 (2013); *Harris v. Bd. of Supervisors, L.A. Cnty.*, 366 F.3d 754, 760 (9th Cir. 2004).

Specifically, in this case, the plaintiff must meet two requirements to demonstrate deliberate indifference so as to satisfy his Eighth Amendment claim: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong--defendant's response to the need was deliberately indifferent--is satisfied by showing (a) a

5

purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted).

To establish causation, "the plaintiff's alleged injuries . . . must be 'fairly traceable' to the defendant's conduct . . . ." *Artichoke Joe's v. Norton*, 216 F. Supp. 2d 1084, 1107 (E.D. Cal. 2002), *aff'd sub nom. Artichoke Joe's California Grand Casino v. Norton*, 353 F.3d 712 (9th Cir. 2003) (quoting *Pritikin v. Dep't of Energy*, 254 F.3d 791, 796 (9th Cir. 2001)). A third party cannot have caused the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Artichoke Joe's*, 216 F. Supp. 2d at 1107. To establish the alleged injury will be redressed by a favorable decision, the plaintiff must show it is "likely, as opposed to merely speculative[,] that the injury will be redressed . . . ." *Artichoke Joe's*, 216 F. Supp. 2d at 1107 (quoting *Bernhardt v. Cnty. of Los Angeles*, 279 F. 3d 862, 869 (9th Cir. 2002)).

III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

Plaintiff has failed to meet his burden of establishing subject-matter jurisdiction because his pleadings, liberally construed, do not demonstrate an actual controversy exists. Plaintiff has not pled facts to demonstrate that a favorable decision would redress his alleged injury, nor could he if given leave to amend. Plaintiff alleges defendant prescribed him Strattera upon admitting him into suicide watch on June 1, 2010, but thereafter it was Drs. Zhou and Coppola who administered alternative medications and refused to prescribe Wellbutrin. ECF No. 9 at 8-9; ECF No. 29 at 2. It was Dr. Coppola who denied Dr. Hanlin's request to prescribe plaintiff Wellbutrin. *Id.* Accordingly, plaintiff has not alleged defendant actively withheld plaintiff's Wellbutrin prescription at any point since their initial contact in June 2010 or after plaintiff was transferred from DVI. ECF Nos. 14 & 17 at 2. Further, plaintiff's opposition indicates he has been prescribed Wellbutrin since initiating this action. His complaint says the action he seeks is "[t]o allow my treating psychiatrist the ability to prescribe me Wellbutrin to

/////

6

1  treat my depression." ECF No. 1 at 5; *see also* ECF No. 29 at 2 (plaintiff alleging he received
2  "proper treatment" for his condition after filing his initial complaint).

3  Based on the complaint and as repeated in his opposition, plaintiff seeks an order
4  that would restore his Wellbutrin prescription, an injury that would not be redressable by any
5  order directing the defendant here to act.  *See, e.g.*, *Dupree v. Lubbock Cnty. Jail*, 805 F. Supp.
6  20, 21 (N.D. Tex. 1992) ("[U]nder the rules requiring liberal construction of *pro se* petitions,
7  when there is no evidence of a prayer for damages based on the allegations contained in the
8  complaint, the court should consider [a] [p]laintiff's desired relief to be injunctive relief.").
9  Plaintiff's pleadings, liberally construed, do not establish that plaintiff has standing to seek
10 injunctive relief.

11 A dismissal for lack of subject-matter jurisdiction generally should be without
12 prejudice, *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012); s*ee also Noll v. Carlson*, 809
13 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint
14 unless it is absolutely clear its deficiencies could not be cured by amendment).  The court cannot
15 say that plaintiff will be unable to cure the jurisdictional problems with his complaint.  Moreover,
16 in light of the conclusion that plaintiff lacks standing as the complaint is currently pleaded, the
17 court denies the motion to dismiss under 12(b)(6) as moot.

18 IT IS HEREBY ORDERED that:

19 1. The findings and recommendations filed February 18, 2014 are not adopted.

20 2. Defendant's motion to dismiss under Rule 12(b)(1) is granted and the motion to
21 dismiss under Rule 12(b)(6) is denied as moot.

22 3. Plaintiff's amended complaint is due within twenty-one days of the date of this
23 order.  *See* Fed. R. Civ. P. 11.

24 4. This case is referred back to the magistrate judge for further handling consistent
25 with this order.

26 DATED: September 30, 2014.

_____
UNITED STATES DISTRICT JUDGE

7