UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HUGHES, | No. 2:11-cv-1856-KJM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MARTIN H. JANSEN, M.D., et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. He has filed a "motion for order re: psychotropic medication," which the court construes as a motion for preliminary injunctive relief. ECF No.62. So construed, the court recommends that the motion be denied.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.

1   2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has
2   also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing
3   the elements of the preliminary injunction test, so that a stronger showing of one element may
4   offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for Wild*
5   *Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions
6   going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support
7   issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*
8   In cases brought by prisoners involving conditions of confinement, any preliminary injunction
9   "must be narrowly drawn, extend no further than necessary to correct the harm the court finds
10  requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18
11  U.S.C. § 3626(a)(2).

12   In the complaint, plaintiff seeks an injunction enjoining CDCR from failing to prescribe
13  him Wellbutrin or other medication effective to treat his major depressive disorder.  ECF No. 60.
14  He now asks the court to "compel defendants to provide [him with] psychotropic medications."
15  ECF No. 62 at 1.  He claims that he "is suffering from depression, lack of concentration, and
16  ability to reason" because his medication, Wellbutrin, was "suddenly" discontinued.  *Id.* at 1-2.
17  Plaintiff complains very generally that the "lack of medication . . . cause[s] . . . many problems
18  and affects his daily life."  *Id.* at 2.  He adds that "the inability to concentrate and the suffering of
19  mental deficiencies is disallowing plaintiff to function normally." *Id.*

20   Plaintiff does not, however, establish that he is likely to succeed on his claim and a
21  preliminary injunction requiring defendants to provide him with a specific medication must be
22  denied.  Apart from his own conclusory declaration, plaintiff's motion is not accompanied by
23  evidence establishing a likelihood of success in this action, or that the injunction sought is
24  necessary to preserve the court's ability to grant effective relief on his claim and that it is the least
25  intrusive means for doing so.  The complaint's allegations alone do not demonstrate that plaintiff
26  is being denied any form of mental health treatment or that he will suffer irreparable harm
27  without the court's intervention.  Plaintiff also fails to present evidence establishing that the
28  balance of equities tips in his favor or that the requested injunctive relief is in the public interest.

Thus, plaintiff has not made the showing required to meet his burden as the party moving for preliminary injunctive relief, and his request must be denied.

The court notes that plaintiff also asks the court to order "appointed counsel" to request a court order to ensure that he receives "proper mental health care." ECF No. 62. The court previously appointed counsel for plaintiff for the limited purposes of investigating plaintiff's claims, drafting and filing an amended complaint, and assessing the need for a temporary restraining order. ECF No. 48. Counsel fulfilled his role as counsel for a limited purpose when he filed plaintiff's second amended complaint on September 11, 2015. ECF No. 60. Because plaintiff is now proceeding pro se, it is his responsibility to seek relief from the court.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion (ECF No. 62), construed as a motion for a preliminary injunction, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE