1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT
9    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   BERNARD HUGHES,                          No. 2:11-cv-1856-KJM-EFB P
12            Plaintiff,
13         v.                                 ORDER
14   MARTIN H. JANSEN, M.D., et al.,
15            Defendants.
16
17        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief
18   under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided
19   by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
20        On December 1, 2015, the magistrate judge filed findings and recommendations, which
21   were served on all parties and which contained notice to all parties that any objections to the
22   findings and recommendations were to be filed within fourteen days. Plaintiff has filed
23   objections to the findings and recommendations.
24        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
25   court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court
26   declines to adopt the findings and recommendations at this time. Instead, the court will require
27   defendants to file a further response to the pending request for preliminary injunction.
28   /////

1

      This action is proceeding on plaintiff's second amended complaint (SAC), ECF No. 60. Plaintiff claims that defendants are acting with deliberate indifference to his serious medical need for adequate mental health treatment for his diagnosed major depressive disorder (MDD). The SAC contains the following allegations. Plaintiff's MDD has been successfully treated with Wellbutrin for periods of time since 2006. In 2010, plaintiff was taken off Wellbutrin and prescribed Strattera, which caused his mental health to deteriorate rapidly and led to a "near fatal suicide attempt in May 2010." ECF No. 60 at 3. Since then, plaintiff has been treated with "approximately 10 different medications as alternatives to Wellbutrin," all of which caused him "myriad side effects," and plaintiff ultimately decided to refuse further treatment. ECF No. 60 at 4. In 2011, plaintiff sought relief in state habeas corpus proceedings but the petition was denied because the state court judge found plaintiff had "failed to provide evidence that CDCR staff had prescribed Wellbutrin or had even believed that plaintiff should be prescribed Wellbutrin." ECF No. 60 at 5. In 2012, a physician "placed a non-formulary request that plaintiff be prescribed Wellbutrin." ECF No. 60 at 5. That request was ultimately approved and plaintiff was on Wellbutrin until March 2015. ECF No. 60 at 5. In March 2015, plaintiff's prescription for Wellbutrin was abruptly stopped "at least in part because of a CDCR perception that other inmates have abused and trafficked in Wellbutrin." ECF No. 60 at 5. Since then, plaintiff has suffered the symptoms of MDD. ECF No. 60 at 5-6. In the SAC, plaintiff seeks, *inter alia*, an injunction prohibiting CDCR from failing to prescribe to plaintiff Wellbutrin or other medication adequate to treat his MDD. ECF No. 60 at 8.

      The SAC was prepared by an attorney appointed for the limited purpose of preparing an amended complaint. ECF No. 48. Counsel was also directed to assess the need for a temporary restraining order and, concurrently with the SAC, to "either file a renewed motion for temporary restraining order or a notice that no such order is currently sought." ECF No. 48 at 2. Counsel filed the SAC on September 11, 2015, but did not file either a renewed motion for temporary restraining or notice that no such order would be sought. Counsel's appointment terminated with the filing of the SAC. ECF No. 48 at 2.

/////

1    The motion now before the court was filed by plaintiff pro se.  The sole basis for
2 defendant Jansen's opposition to the motion is that defendant Jansen, who is the only defendant to
3 appear in this action, has retired and is without authority to prescribe medication for plaintiff.
4 Therefore, defendant argues, "the motion should be denied to the extent it seems to compel Dr.
5 Jansen to prescribe psychotropic medication to plaintiff."  ECF No. 65 at 2.  As defendant
6 recognizes, plaintiff alleges that it is a "Dr. Doe" who most recently discontinued plaintiff's
7 Wellbutrin.  ECF No. 65.  "Dr. Doe" is identified in the SAC as a physician at Kern Valley State
8 Prison (KVSP).  ECF No. 60 at 5.

9    It is plain from the allegations of the SAC, from the motion before the court, and from
10 plaintiff's objections to the findings and recommendations, that the core question before the court
11 is whether plaintiff is being denied adequate mental health treatment for his MDD and,
12 specifically, whether plaintiff should be treated with Wellbutrin.  It may be necessary to identify
13 Dr. Doe and/or to add plaintiff's current treating physicians as defendants in this action in order to
14 afford him complete relief if ordered.  At this stage, given the allegations of the SAC, the court
15 will require defendants to file a further response to the motion for preliminary injunction.  Said
16 response shall include an explanation of (1) who discontinued plaintiff's Wellbutrin in March
17 2015; (2) why the Wellbutrin was discontinued; (3) what alternative treatment, if any, has been
18 provided to plaintiff for his MDD since March 2015; (4) the efficacy, if any, of such treatment;
19 and (5) whether any treatment provided has caused plaintiff to suffer side effects and, if so, the
20 nature of the side effects.  Defendants shall also provide the name(s) of plaintiff's current mental
21 health treatment providers.

22    In accordance with the above, IT IS HEREBY ORDERED that within fourteen days from
23 the date of this order defendants shall file a further response to plaintiff's October 22, 2015
24 motion.

25 DATED:  March 1, 2016.

UNITED STATES DISTRICT JUDGE

3