UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HUGHES, | No. 2:11-cv-1856-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| MARTIN H. JANSEN, M.D., et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel in an action brought under 42 U.S.C. § 1983. On October 7, 2015, defendant moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted. ECF No. 61. On June 20, 2016, plaintiff's counsel filed a declaration with the court stating that he could not file a response to the motion without "further input" from plaintiff, that counsel had not received correspondence from plaintiff "since writing to him on June 3, 2016," and that counsel is unable to visit plaintiff in person. ECF No. 91 ¶¶ 2, 6. Plaintiff's counsel requests that the court provide him with an order compelling the California Department of Corrections and Rehabilitation to arrange for a confidential telephone conference between counsel and the plaintiff. *Id.* ¶ 6. As explained below, the motion is denied without prejudice.

Plaintiff's counsel states that a "past" effort to set up a confidential telephone conference with plaintiff was unsuccessful and he does "not have any confidence that . . . CDCR [would]

1

alter its policy and permit [him] to have a confidential telephone conference with [plaintiff]." *Id.* ¶¶ 4, 5. Plaintiff's counsel does not identify the CDCR policy at issue or otherwise elaborate as to why his previous request to communicate telephonically with plaintiff was denied. Thus, the court cannot share in counsel's confidence that a proper attempt for a confidential, attorney-client telephonic conference with plaintiff would be denied. In addition, counsel has not demonstrated that written correspondence is insufficient or unavailable as a means of communicating with his client. Counsel filed the instant request only seventeen days after writing to plaintiff. Though counsel describes this as "an appreciable period of time," it is not surprising, given the mail delays common to prisons, that counsel had not yet received return correspondence from plaintiff. *Id.* at 1. For these reasons, the court will deny the motion to compel.

The court notes that counsel should be able to arrange for a telephonic conference with plaintiff through the Litigation Coordinator at plaintiff's place of confinement. In order to facilitate this interaction, the court will direct the Attorney General's Office to contact the Litigation Coordinator assigned to plaintiff's place of confinement to allow for a meet and confer between plaintiff's counsel and the Litigation Coordinator.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 91) is denied.
2. Within 7 days from the date of this order, the Attorney General's Office shall (a) contact the Litigation Coordinator assigned to plaintiff's place of confinement to allow for a meet and confer between plaintiff's counsel and the Litigation Coordinator; and (b) file a declaration with the court regarding the same. The Clerk of the Court shall serve a copy of this order on Monica Anderson, Supervising Deputy Attorney General.
3. Within 14 days from the date of this order, plaintiff's counsel shall meet and confer with the Litigation Coordinator assigned to plaintiff's place of confinement in an effort to arrange a telephonic conference with plaintiff.

/////
/////
/////

2

4. Within 45 days from the date of this order, plaintiff shall file an opposition to defendant's motion to dismiss.  The court is not inclined to grant additional requests for extensions of time.

DATED: August 1, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE