UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HUGHES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN H. JANSEN, M.D.,<br><br>　　　　Defendant. | No.  2:11-cv-1856-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding through counsel in an action brought under 42 U.S.C. § 1983.  The matter was before the court on November 16, 2016, for hearing on defendant Jansen's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and plaintiff's motion to amend to add the California Department of Corrections and Rehabilitation ("CDCR") as a defendant.  Attorney Jeff Price appeared telephonically on behalf of plaintiff; Attorney Robert Sanford appeared telephonically on behalf of defendant.  As stated on the record, and for the reasons stated below, it is recommended that defendant's motion to dismiss be granted and plaintiff's motion to amend be denied.

/////

/////

/////

/////

1

I.   **Allegations in the Second Amended Complaint**[1]

Plaintiff suffers from major depressive disorder. ECF No. 60 ¶ 8. He has effectively managed this disorder by taking Wellbutrin. *Id.* ¶ 12. On an unknown date, "CDCR" took plaintiff off Wellbutrin and prescribed him Strattera. *Id.* ¶ 18. Strattera is used to treat attention deficit hyperactivity disorder; it is not used to treat major depressive disorder. *Id.* ¶ 14. In May 2010, plaintiff nearly died from a suicide attempt "as a result of [ ] taking Straterra." *Id.* ¶ 19. In June 2010, defendant Jansen, a psychiatrist at Deuel Vocational Institute, "admitted plaintiff to suicide watch, ordered that plaintiff not be given Wellbutrin and prescribed Strattera for plaintiff." *Id.* ¶¶ 4, 20. As a result, plaintiff suffered "chemical changes in [his] body, which were manifested in physical symptoms including, but not limited to severe headaches and abdominal pain." *Id.* ¶ 24. He seeks damages and injunctive relief. *Id.* at 8.

II.   **Defendant's Motion to Dismiss**[2]

   **A. Legal Standards**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would

---

[1] Plaintiff initiated this action pro se. ECF No. 1. Following the dismissal of his original and first amended complaints with leave to amend, the court appointed counsel for plaintiff. *See* ECF Nos. 6, 37, 48. On September 11, 2015, plaintiff's counsel filed the operative second amended complaint. ECF No. 60.

[2] Defendant filed the instant motion on October 7, 2015. ECF No. 61. In March 2016, following some confusion as to whether plaintiff continued to be represented by counsel, the court ordered plaintiff's counsel to respond to the motion. ECF No. 84. Seven months later, plaintiff's counsel still had not responded. Instead, he continued to seek brief extensions of time. *See* ECF No. 85 (request for 21 day extension of time); ECF No. 87 (request for 21 day extension of time); ECF No. 89 (request for 11 day extension of time); ECF No. 97 (request for 14 day extension of time). The court's final order granting an extension of time required plaintiff to file his opposition no later than September 30, 2016. ECF No. 98. Plaintiff did not file his opposition until November 8, 2016, offering only that he had "inadvertently failed to file a response . . . ." ECF No. 108 at 5. Although the court could deem plaintiff's late filing as "a waiver of any opposition to the granting of the motion" in accordance with Local Rule 230(*l*), the court has, in an abundance of caution, considered plaintiff's opposition in resolving defendant's motion.

1   entitle him to relief "has been questioned, criticized, and explained away long enough," and that
2   having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an
3   accepted pleading standard"). Thus, the grounds must amount to "more than labels and
4   conclusions" or a "formulaic recitation of the elements of a cause of action. *Id.* at 555. Instead,
5   the "[f]actual allegations must be enough to raise a right to relief above the speculative level on
6   the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*
7   (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories
8   or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica*
9   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10   The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v.*
11   *Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most
12   favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v.*
13   *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include
14   specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561
15   (1992).

16   The court may disregard allegations contradicted by the complaint's attached exhibits.
17   *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*
18   *Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as
19   true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266
20   F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.
21   1987)). The court may consider matters of public record, including pleadings, orders, and other
22   papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.
23   1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104
24   (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual
25   allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v.*
26   *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept
27   unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.
28   /////

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**B. Analysis**

Defendant argues that plaintiff has failed to state a viable claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000) (quotations and citations omitted).

To state an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must allege that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096.

In this case, the second amended complaint fails to allege sufficient facts showing that defendant responded to plaintiff's serious mental health needs with deliberate indifference. A deliberately indifferent response may be shown by the denial, delay or intentional interference

with medical treatment or by the way in which medical care was provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The second amended complaint reveals that defendant responded to plaintiff's mental health needs by admitting plaintiff to suicide watch, which is not consistent with a subjective intent to cause harm. Moreover, the allegations do not demonstrate that defendant deliberately ignored a substantial risk of harm to plaintiff's mental health by continuing the prescription for Strattera. Defendant allegedly ordered that plaintiff "not be given Wellbutrin," but instead, continued plaintiff's prescription for Strattera. ECF No. 60 ¶¶ 18-20. There are no allegations showing that defendant was aware that Strattera had adversely affected plaintiff or otherwise posed an excessive risk to plaintiff's safety. Although plaintiff believes that he should be taking Wellbutrin[3] instead of Strattera because Strattera allegedly does not treat depression and causes his mental health to deteriorate, *id.* ¶¶ 12-14, 19, mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). For these reasons, defendant's motion to dismiss the second amended complaint should be granted.

### III. Plaintiff's Motion to Amend

Plaintiff seeks leave to file a third amended complaint. ECF No. 99. The only difference between the second amended complaint and the proposed third amended complaint is the addition

---

[3] Indeed, plaintiff requests equitable relief in the form of "an injunction enjoining the CDCR from failing to prescribe plaintiff Wellbutrin or other medication effective to treat plaintiff's major depressive disorder." ECF No. 60 at 8. But the court previously concluded, in resolving defendant's motion to dismiss the first amended complaint for lack of subject matter jurisdiction, that plaintiff's purported need for Wellbutrin would not be redressable by any order directing defendant Jansen to act. *See* ECF No. 37 at 6-7 (noting that defendant's involvement in plaintiff's care was limited to their initial contact in June 2010 at Deuel Vocational Institute, that plaintiff was no longer confined to Deuel Vocational Institute, that other doctors had subsequently denied plaintiff Wellbutrin, and that since commencing this action, plaintiff had actually been prescribed Wellbutrin).

of CDCR as a defendant. *See* ECF Nos. 60 & 100. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's motion to amend must be denied as futile.

First, the allegations against defendant Jansen in the proposed third amended complaint suffer from the same deficiencies as those in the second amended complaint. It is evident from plaintiff's three complaints in this action, ECF Nos. 1, 9, 60, that defendant's involvement in plaintiff's mental health treatment was limited to the single instance in 2010, discussed with respect to defendant's motion to dismiss. Despite three opportunities, and ample notice of the claim's deficiencies as advanced in the motion to dismiss, plaintiff is unable to state a cognizable claim for relief against defendant, and further leave to amend would be futile.

Second, the proposed third amended complaint seeks damages and injunctive relief against CDCR, which is immune from suit under the Eleventh Amendment.[4] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities). Even if the proposed third amended complaint named a proper state official

/////

---

[4] Plaintiff's original complaint also named CDCR as a defendant. ECF No. 1. The court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend for failure to state a claim upon which relief could be granted and because CDCR, a state agency, is not a proper defendant under § 1983. ECF No. 6 at 2-3.

as a defendant instead of CDCR, it still would be subject to dismissal because the underlying factual allegations fail to state a claim upon which relief could be granted.

Plaintiff's inclusion of defendant DOES 1-10 does not lend viability to the proposed third amended complaint, as there would be no defendant upon whom the complaint could be served. Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants. Moreover, the allegation that "Dr. Doe abruptly and with deliberate indifference to plaintiff's serious medical needs stopped plaintiff's Wellbutrin prescription . . . at least in part because of a CDCR perception that other inmates have abused and trafficked in Wellbutrin" is not sufficient to state a cognizable claim for relief. ECF No. 100 ¶¶ 40-41. Where a defendant doctor chooses a different course of treatment than a prior doctor, a plaintiff must show that the defendant's course of treatment was "medically unacceptable under the circumstances." *Jackson*, 90 F.3d at 332. Plaintiff's allegations do not show that Dr. Doe pursued an alternative course of treatment that was medically unacceptable.

For these reasons, leave to amend as proposed in plaintiff's motion should be denied as futile. However, in an abundance of caution the court will grant plaintiff one final opportunity to file a third amended complaint that cures the deficiencies identified herein with respect to the claims against CDCR and Dr. Doe.

**IV.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Jansen's Rule 12(b)(6) motion to dismiss (ECF No. 61) be granted and defendant Jansen be dismissed from this action with prejudice;

2. Plaintiff's motion to amend (ECF No. 103) be denied as futile; and

/////
/////
/////
/////
/////

      3. Within thirty days from any order adopting these findings and recommendations, plaintiff be given a final opportunity to file an amended complaint that cures the deficiencies identified herein with respect to the claims against CDCR and Dr. Doe.[5]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 16, 2017.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] The court will screen any amended complaint pursuant to 28 U.S.C. § 1915A. Failure to file an amended complaint may result in a recommendation that this action be dismissed.